ORIGINAL

JOHN HARRIS PAER    #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 13 2009

at 11 o'clock and M min. A M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MARK A. BURLING,                )   CIVIL NO. CV09  00214  DAEKSC
                                )
            Plaintiff,          )   COMPLAINT; EXHIBITS "A-D";
                                )   SUMMONS
      vs.                       )
                                )
WILLIAMS & FUDGE, INC.,         )
                                )
            Defendant.          )
_____)

## COMPLAINT

COMES NOW Plaintiff, by and through his undersigned attorney and alleges as follows:

### INTRODUCTION

1.   This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act "15 U.S.C. Section 1692, et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendant's violations of that Act.  Plaintiff seeks actual and statutory damages arising out of Defendant's misrepresentations and failure to make required disclosures in the collection of an alleged debt.

## JURISDICTION

2.   The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1692k(d) and 28 U.S.C.A. Section 1337.   The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapters 443B and 480 of the Hawaii Revised Statutes.

## PARTIES

3.   Plaintiff is a natural person and is a resident of the State of Hawaii.

4.   Defendant Williams & Fudge, Inc. (hereinafter "Fudge") is a corporation doing business in the State of Hawaii as a collection agency and debt collector, and is subject to the jurisdiction of this Court.

## FACTS

5.   Within the year prior to the filing of this action, Defendant has  been attempting on behalf of a third party to collect an alleged debt from Plaintiff.

6.   On or about June 23, 2008, Plaintiff sent $1380.00 as payment in full of his account to Regis. A true copy of that check is attached hereto as Exhibit "A".

7.   After July 2, 2008, Defendant sent its first letter to Plaintiff which was dated July 2, 2008.   A true copy of that letter is attached hereto as Exhibit "B".

8.   Plaintiff received that letter after July 8, 2008.

9.   On August 7, 2008, Plaintiff sent a letter to Defendant disputing that debt.  A true copy of that letter is attached hereto as Exhibit "C".

10.   On or about September 15, 2008, Defendant sent another collection letter to Plaintiff stating in part that "Since your remittance has not been received, and we have not heard from you, we now assume your debt to be valid."  A true copy of that letter is attached hereto as Exhibit "D".

11.   Defendant has continued to improperly attempt to collect on this account, both through letters, through telephone calls, and through placing a negative entry on Plaintiff's consumer credit report.

12.   The underlying debt was incurred primarily for personal, family, or household purposes.

13.  Plaintiff does not owe Defendant anything nor does Plaintiff have any further obligation under the alleged debt.

<u>COUNT I</u>

14.   Plaintiff realleges and incorporates paragraphs 1 through 13 of this Complaint.

15.   Defendant has violated the Fair Debt Collection Practices Act in the following ways:

(a)   Defendants have used false, deceptive and misleading misrepresentations in connection with the collection of the above claim in violation of 15 U.S.C. §1692e.

(b)   Defendants have used unfair means to collect and to attempt to collect the above claim in violation of 15 U.S.C. §1692f.

(c)   Defendants have not sent to Plaintiff the proper notices and/or verifications required by the Act in violation of 15 U.S.C. §1692g.

<u>COUNT II</u>

16.   Plaintiff realleges and incorporates paragraphs 1 through 15 of this Complaint.

17.   Defendants have violated Chapters 443B and 480 of the Hawaii Revised Statutes as alleged above.

18.   Defendants' violations of HRS Chapter 443B and of the Fair Debt Collection Practices Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

19.   Defendants' contacts, demands and disclosures in connection with the above-described collection were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.  The acts and representations of Defendant described herein had the capacity of deceive Plaintiff.

20.   Plaintiff has suffered injury to her property in an amount to be proved at trial, by reason of Defendants' violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I

1.   Award Plaintiff his actual damages as will be proved at trial.

2.   Award Plaintiff statutory damages in the amount of $1000.00.

3.   Award exemplary damages.


AS TO COUNT II

4.   Award Plaintiff damages in the amount of three times the injury to his property, but not less than $1000.00.


AS TO ALL COUNTS

5.   Award Plaintiff reasonable attorneys' fees and costs of Court.

6.   Award Plaintiff such other and further relief as the Court deems appropriate.

DATED:   Honolulu, Hawaii, _May 12, 2009_____.

JOHN HARRIS PAER
Attorney for Plaintiff